By the Court. Duer, J.
It is quite certain that Mrs. Kent did not enter into the possession of the demised premises either as the assignee or sub-tenant of the defendant, yet, unless she held the possession in one or other of these characters, there is no principle of law or equity upon which the defendant can be made responsible for her acts or default. The entry of Mrs. Kent was not under the original lease, and there was no contract between her and the defendant, under which such an entry could be justified. Her entry was, as the immediate tenant of the plaintiff, under a new agreement, varying materially from the original lease, which, in the exercise of his own discretion, he chose to make with her. To this agreement the defendant was in no sense a party, nor does it appear that she had any knowledge of its terms or existence. She was willing that Mrs. Kent should be substituted in her place as the *190 lessee, but the admission of Mrs. Kent into the possession was not her act, nor under any title obtained from her, but was solely the act of the plaintiff, under a title derived immediately from him.
Upon the question of law, therefore, reserved upon the trial, our opinion is clearly in favor of the defendant. We do not at all doubt that the new agreement between the plaintiff and Mrs. Kent operated, in law, to discharge the defendant wholly from the covenants of the lease, and was virtually an acceptance by him of the surrender, which, by offering Mrs. Kent as her substitute, she requested to make. .We attach no importance to the terms of the receipts for rent which the plaintiff gave to Mrs. Kent; they are evidence only that he wished to do what the law would not permit, bind Mrs. Kent by a new lease, and at the same time hold the defendant liable upon the old. He could not by his own act, without the assent of the defendant, alter the nature of his agreement with Mrs. Kent, nor vary its legal effect. The defendant had a right to determine for herself whether she would be responsible for the performance by Mrs. Kent of the covenants of the lease, and the only proper evidence that she meant to be thus responsible was, an assignment of the lease or a letting of the premises to. Mrs. Kent, as her own tenant. As the plaintiff, without this evidence, chose to admit Mrs. Kent into the possession, he could not release himself, nor can we relieve him, from the legal consequences of his act..
We think that the equity of this case corresponds with its law. It is clear from the testimony of Dr. Hanners, that the defendant meant to give up the lease entirely, and requested to be discharged by the substitution of Mrs. Kent as the immediate tenant. These facts were knpwn to the agent of the plaintiff, and if, with this knowledge, he meant to retain the liability óf the defendant upon the covenants in the lease, he was bound in good faith to give her immediate notice that such was his intention. In the absence of this notice she had the right to believe that Mrs. Kent was let into the possession in compliance with her request, and in conformity to its terms, and to give a different construction now to the acts and conduct of the parties, would be to give our sanction to what a *191 court of equity would hold to be a fraud. We do not think that the rights of the plaintiff are at all affected by the finding, of the jury, which we construe as only meaning that there was no agreement between the plaintiff and defendant for the substitution as tenant of Mrs. Kent, independent of that which the law would infer from his agreement with the latter.
The verdict for the plaintiff is set aside, and a verdict and judgment thereon must be entered for the defendant with costs.